UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RICARDO V. MEZA and MARICELA MEZA,

        Plaintiffs,

    v.

MATRIX SERVICING, PARAMOUNT EQUITY MORTGAGE, INC., OPTION ONE MORTGAGE, INC., NATIONAL DEFAULT SERVICING CORPORATION, MARATHON REO MANAGEMENT, LLC, MARATHON STRUCTURED ASSET SOLUTIONS TRUST, MATTHEW JARED DAWSON, DEREK COTTON, and DOES 1 through 20, inclusive,

        Defendants.

_____/

NO. CIV. 2:09-3106 WBS JFM

MEMORANDUM AND ORDER
OF REMAND

----oo0oo----

        Plaintiffs Ricardo V. Meza and Maricela Meza initially brought this action in state court alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617; the Rosenthal Fair Debt Collection Practices Act

1

1  ("RFDCPA"), Cal. Civ. Code §§ 1788.1-1788.33; and California's

2  Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-

3  17210, as well as claims for fraud, breach of contract, breach of

4  the implied covenant of good faith and fair dealing, negligence,

5  breach of fiduciary duty, and wrongful foreclosure.  Defendants

6  subsequently removed the action to this court.  Plaintiffs then

7  filed a First Amended Complaint ("FAC") that no longer asserted

8  any federal claims.  The court now must decide whether this case

9  should be remanded to state court in light of plaintiffs' FAC.

10  I.   <u>Factual and Procedural Background</u>

11       On June 29, 2007, plaintiffs allege that they entered

12  into a loan with Paramount to refinance plaintiffs' property at

13  8804 Bradbury Court, Elk Grove, California.  (FAC ¶¶ 7, 49.)

14  This loan was secured by a Deed of Trust on the property.  (<u>Id.</u> ¶

15  49.)  The Deed of Trust listed Premier Trust Deed Services, Inc.

16  as trustee and Paramount as Lender.  (<u>Id.</u>)  Plaintiffs further

17  allege that they were never given a copy of any loan documents

18  prior to closing and were not explained the meaning of the

19  documents they signed at closing.  (<u>Id.</u> ¶¶ 46-47.)

20       Plaintiffs were allegedly channeled into this loan on

21  March 29, 2007, when Cotton approached plaintiffs and told them

22  he could get them a 30 year fixed-rate loan, when in reality he

23  sold plaintiffs an adjustable interest rate loan with a balloon

24  payment.  (<u>Id.</u> ¶¶ 38-40.)  Cotton also allegedly overstated

25  plaintiffs' income on their loan application and falsely

26  classified plaintiffs as "subprime" borrowers, leading to their

27  unfavorable loan terms.  (<u>Id.</u> ¶¶ 41-43.)

28       An Assignment of the Deed of Trust was recorded in

2

Sacramento County on December 6, 2007, which listed transferred the beneficial interest in the Deed of Trust to Option One. (<u>Id.</u> ¶ 51.)   Plaintiffs eventually defaulted on the loan, and a Notice of Default and Election to Sell Under Deed of Trust was filed in Sacramento Country by National Default on April 7, 2009. (<u>Id.</u> ¶ 52.)   On June 10, 2009, plaintiffs allegedly sent a Qualified Written Request ("QWR") to Matrix pursuant to RESPA, which allegedly requested servicing information from Martix and included a demand to rescind the loan under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f.   (<u>Id.</u> ¶ 56.)   The Deed of Trust was again assigned on September 3, 2009, this time from Option One to Marathon Trust.   (FAC ¶ 54.)   On October 6, 2009 National Default allegedly issued and recorded a Trustee's Deed Upon Sale, which identified Marathon as the foreclosing beneficiary and owner of the subject property.   (<u>Id.</u> ¶ 55.)

Plaintiffs filed this action in state court on October 2, 2009.   (Notice of Removal (Docket No 1).)   On November 6, 2009, defendant Matrix Servicing[1] removed the action to this court, invoking the court's federal question jurisdiction, 28 U.S.C. § 1331, based upon plaintiffs' claim asserted under RESPA. (<u>Id.</u>)   Matrix then moved to dismiss plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.   (Docket No. 8.)   Before defendant's motion could be heard, however, plaintiffs filed the FAC on December 14, 2009.   (<u>Id.</u> No. 19); <u>see</u> <u>CRST Van Expedited, Inc. v. Werner Enters., Inc.</u>, 479 F.3d 1099,

---

[1]     At the time of removal no other defendants had been served in this action.

1104 n.3 (9th Cir. 2007) ("A party may amend a pleading once as a
matter of course before a responsive pleading is served.  A Rule
12(b)(6) motion to dismiss is not such a responsive pleading as
to cut off a plaintiff's right to amend once, without leave of
court." (citations omitted)).  Unlike plaintiffs' initial
Complaint, the FAC does not assert a claim for violation of
RESPA, although such a claim is still listed in the caption of
the FAC.  Rather, the FAC asserts only state law claims.

II. <u>Discussion</u>

    "Under 28 U.S.C. § 1441, a defendant may remove an
action filed in state court to federal court if the federal court
would have original subject matter jurisdiction over the action."
<u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1243 (9th
Cir. 2009).  Federal courts have original subject matter
jurisdiction over "all civil actions arising under the
Constitution, laws, or treaties of the United States."  28 U.S.C.
§ 1331.

    "[J]urisdiction must be analyzed on the basis of the
pleadings filed at the time of removal without reference to
subsequent amendments . . . ."  <u>Chabner v. United of Omaha Life
Ins. Co.</u>, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (quoting <u>Sparta
Surgical Corp. v. Nat'l Ass'n of Sec. Dealers</u>, 159 F.3d 1209,
1213 (9th Cir. 1998)).  Nonetheless, when removal is based on
federal question jurisdiction and all federal claims drop from
the proceedings, "[i]t is generally within a district court's
discretion either to retain jurisdiction to adjudicate the
pendent state claims or to remand them to state court."  <u>Harrell
v. 20th Century Ins. Co.</u>, 934 F.2d 203, 205 (9th Cir. 1991)

1  (citing Price v. PSA, Inc., 829 F.2d 871, 876 (9th Cir. 1987)).

2  A district court may consider sua sponte whether to remand

3  pendent state claims to state court.  Acri v. Varian Assocs.,

4  Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) (en banc).

5       When a complaint pleads only state causes of action,

6  "original federal jurisdiction is unavailable unless it appears

7  that some substantial, disputed question of federal law is a

8  necessary element of one of the well-pleaded state claims, or

9  that one or the other claim is 'really' one of federal law."

10  Morongo Band of Mission Indians v. Cal. State Bd. of

11  Equalization, 858 F.2d 1376, 1383 (9th Cir. 1988) (citing

12  Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for

13  S. Cal., 463 U.S. 1, 13 (1983)).

14       Although plaintiffs' FAC no longer pleads any federal

15  causes of action, it does make tangential references to federal

16  statutes.  (See FAC ¶¶ 50, 56, 81, 116-117.)  However, it is a

17  "long-settled understanding that the mere presence of a federal

18  issue in a state cause of action does not automatically confer

19  federal-question jurisdiction."  Lippitt v. Raymond James Fin.

20  Servs., 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting Merrell Dow

21  Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986)).  A

22  substantial federal question does not exist simply because a

23  complaint makes passing reference to a federal statute.  Id. at

24  1040-41; see also Rains v. Criterion Sys. Inc., 80 F.3d 339, 344

25  (9th Cir. 1996) (references to Title VII are insufficient to

26  establish federal jurisdiction in a wrongful termination action).

27  Instead, the federal question must be "a necessary element of the

28  well-pleaded state claim" or the plaintiff's right to relief must

1  rely on the resolution of a substantial, disputed question of

2  federal law.  <u>Lippitt</u>, 340 F.3d at 1042.

3       All of plaintiffs' remaining claims have an independent

4  basis in state law and can be resolved without any reference to

5  federal statutes.  This is fatal to the existence of federal

6  jurisdiction, since "[t]he invocation of federal law as a basis

7  for establishing an element of a state law cause of action does

8  not confer federal question jurisdiction when the plaintiff also

9  invokes a state constitutional provision or a state statute that

10  can and does serve the same purpose."  <u>Rains</u>, 80 F.3d at 345.

11       Moreover, only plaintiffs' negligence and UCL claims

12  make reference to federal law.  While plaintiffs' negligence

13  claim mentions that "Matrix had a statutory duty to [p]laintiffs

14  to properly respond to [p]laintiffs' Qualified Written Request

15  pursuant to 12 U.S.C. § 2605(e), and to give [p]laintiffs notice

16  of the transfer of servicing rights to their loan pursuant to 12

17  U.S.C. § 2605(c)," this claim does not depend on the breach of

18  such alleged duty and could be established independently by proof

19  that Matrix breached the "duty of care" that plaintiffs plead

20  Matrix owed to them to take only payments and fees to which

21  Matrix was entitled.  (FAC ¶ 81.)

22       Similarly, the claim under the UCL does not require

23  proof of a violation RESPA. Rather, plaintiffs only need to show

24  that defendants engaged in a business practice that was unlawful

25  or "unfair" because it offends an established public policy, is

26  immoral, unethical, oppressive, injurious to customers, or

27  unscrupulous.  <u>Wilmer v. Sunset Life Ins.</u>, 78 Cal. App. 4th 952,

28  964 (2000); <u>People v. Casa Blanca Convalescent Homes, Inc.</u>, 159

1   Cal. App. 3d 509, 530 (1984).

2         The remainder of references to RESPA in plaintiffs' FAC
3 appear to simply be vestiges of the original complaint that were
4 not appropriately deleted upon amendment.  While this may be
5 sloppy pleading on the part of plaintiff, "[t]he appropriate
6 punishment for bad pleading is the striking of surplusage, not
7 removal to federal court where no remedy exists." Lippitt, 340
8 F.3d at 1041.

9         Since plaintiffs can prove all their claims
10 independently under state law, an application of federal law is
11 not a substantial or "necessary element" of the claims.  See In
12 re Countrywide Fin. Corp. Mortg. Marketing & Sales Practices
13 Litig., No. 08md1998, 2008 WL 5450351, at *4 (S.D. Cal. Dec. 30,
14 2008) (finding no substantial federal question where TILA and
15 RESPA did not need to be applied to resolve plaintiff's claims);
16 Fardella v. Downey Sav. & Loan Ass'n, No. 00-4394, 2001 WL
17 492442, at *3 (N.D. Cal. May 9, 2001) (finding no federal
18 question jurisdiction because plaintiff could prove allegedly
19 unfair broker rebate violated California law independently of
20 RESPA or TILA).

21         Under 28 U.S.C. § 1367(c), a district court "may
22 decline to exercise supplemental jurisdiction . . . [if] the
23 district court has dismissed all claims over which it has
24 original jurisdiction."  28 U.S.C. § 1367(c).  The court's
25 discretion to decline jurisdiction over state law claims is
26 informed by the values of judicial economy, fairness,
27 convenience, and comity.  Acri, 114 F.3d at 1001 (citations
28 omitted).  In addition, "[t]he Supreme Court has stated, and [the

1  Ninth Circuit] ha[s] often repeated, that 'in the usual case in
2  which all federal-law claims are eliminated before trial, the
3  balance of factors . . . will point toward declining to exercise
4  jurisdiction over the remaining state-law claims.'" <u>Id.</u> (quoting
5  <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988)).
6  Since the FAC lacks any independent basis for federal question
7  jurisdiction, this court must now consider whether it is
8  appropriate to exercise supplemental jurisdiction over
9  plaintiffs' state claims even though all federal claims have been
10 eliminated.

11      The court can find no justification for federal
12 jurisdiction that would lead it to disregard the Supreme Court's
13 warning that the balance of factors normally points toward
14 declining to exercise jurisdiction over pendent claims after all
15 federal claims have been eliminated from a complaint. <u>Carnegie-</u>
16 <u>Mellon</u>, 484 U.S. at 350 n.7.  Considerations of comity weigh
17 heavily in favor of remand.  All remaining claims arise under
18 state law.  There is no reason for this court to continue to hear
19 this action when the state court is equally competent to hear the
20 case and likely has a better grasp of the law of its own forum.
21 The principle of comity therefore favors deference to the state
22 court.

23      Concerns of judicial economy do little to sway the
24 court to exercise jurisdiction.  The court has not decided any
25 substantive motions in this case and has had only minimal
26 involvement in the matter thus far.  There is no prevailing
27 reason for this court to maintain jurisdiction to preserve
28 judicial economy.

1    Finally, considerations of convenience and fairness do
2  not weigh in favor of maintaining jurisdiction over this matter.
3  Both the state and federal fora are located in Sacramento, only
4  blocks from one another, making both equally convenient for the
5  parties.  As for fairness, there is no reason to doubt that the
6  state court will provide an equally fair adjudication of the
7  matter.  In an exercise of discretion, the court finds that this
8  action should be remanded to the state court from which it was
9  removed.

10    IT IS THEREFORE ORDERED that this action be, and the
11  same hereby is, REMANDED to Superior Court of the State of
12  California in and for the County of Sacramento.[2]
13  DATED:  January 25, 2010
14
15                        _____
16                        WILLIAM B. SHUBB
17                        UNITED STATES DISTRICT JUDGE

---

[2]    Defendants' pending motion to dismiss, motion to
strike, and motion to expunge lis pendens are therefore moot.

9